JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Billy Boy Real Estate, LLC, Billy Boy Construction, LLC, and Eddie Hendrick

**DEFENDANTS**
Upper Merion Township, Upper Merion Township Board of Supervisors, Tina Garzillo, Chairperson, William Jenaway,

(b) County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 123 South Broad Street, 15th Floor, Philadelphia PA 19109  267-887-0172

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983
Brief description of cause:
Race discrimination, Equal Protection Clause and Due Process Clause violations

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: n/a
DOCKET NUMBER: _____

DATE: October 20, 2024
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: *King of Prussia PA*

---

**RELATED CASE IF ANY:** Case Number: *N/A*     Judge: _____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**United States District Court for the Eastern District of Pennsylvania**

| | |
|---|---|
| Billy Boy Real Estate, LLC, Billy Boy Construction, LLC, and Eddie Hendrick : : : | |
| v. : | Civil Action No. |
| : | |
| Upper Merion Township, : Upper Merion Township Board of : Supervisors, Tina Garzillo, Chairperson, : William Jenaway, Ph.D., Vice : Chairperson, Greg Waks, Greg Philips, : Carole Kenney, and Anthony Hamaday, : Upper Merion Township Manager : | *Jury Trial Demanded* |

*Complaint*

Plaintiffs, Billy Boy Real Estate, LLC, Billy Boy Construction, LLC, and Eddie Hendrick, bring a series of claims against the Defendants, of which the following is a statement:

1. This lawsuit is another chapter in the sad history of government discrimination against Black landowners. As described herein, defendants violated the Plaintiffs' rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and unjustly interfered with their contract.

*Jurisdiction and Venue*

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §1983. This Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b).

*Parties*

4. Plaintiff Billy Boy Real Estate, LLC, is a limited liability company organized pursuant to the laws of the Commonwealth of Pennsylvania, as is Plaintiff Billy Boy Construction, LLC (hereafter collectively referred to as "Billy Boy"). Billy Boy is a certified

Minority Business Enterprise (MBE). Its principal place of business is located at 216 Allendale Road, King of Prussia, Pennsylvania 19406.

5. Plaintiff Eddie Hendrick is an African American male citizen of the United States and a resident of this judicial district. He is the sole shareholder and President of Billy Boy Real Estate, LLC and Billy Boy Contracting, LLC.

6. Defendant Upper Merion Township (the "Township") is a second-class township in Montgomery County, Pennsylvania. Defendant Upper Merion Township Board of Supervisors (the "Board") is the governing body of Upper Merion Township and is comprised of five (5) elected members. At all times relevant to this case, the members of the Board were Tina Garzillo, Chairperson, William Jenaway, Ph.D., Vice Chairperson, Greg Waks, Greg Philips, and Carole Kenney. Defendant Anthony Hamaday is the Township's Manager.

7. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendants' officers, agents, employees and/or representatives while actively engaged in the management of the Township's business and pursuant to the Township's official policies, practices, and customs.

8. The individual defendants are sued in their individual and official capacities.

### *Background Facts*

9. Sometime prior to 2023, Billy Boy and Louis A. Damiani entered into an Agreement of Sale pursuant to which Billy Boy agreed to purchase from Damiani the approximately 1.13-acre parcel located at 216 Allendale Road, King of Prussia (the "Property"), for the purchase price of $1,500,000.00. A true and correct copy of the Agreement of Sale is attached hereto as Exhibit A and made a part hereof.

2

10. At the time of entering into the Agreement of Sale, Billy Boy and Hendrick were occupying a portion of the Property as living quarters and operating a business

11. Through April 5, 2024, Plaintiffs made payments of $665,940.00 towards the purchase price and spent over $200,000.00 in making improvements to the Property.

12. Sometime prior to March 2024, the Township learned that Mr. Damiani had agreed to sell the Property to Billy Boy.

13. Defendant Hamady called Mr. Damiani on numerous occasions and asked Mr. Damiani if he wanted to sell the Property to the Township. On each occasion, Mr. Damiani told Mr. Hamady that he had an agreement with Billy Boy and Mr. Hendrick to sell the Property to them, and that Mr. Hamady should direct his inquiries to Mr. Hendrick. Mr. Hendrick refused to sell the Property to the Township.

14. As a consequence, on March 22, 2024, motivated by racism and racial animus, defendants implemented and acted in furtherance of a plan, scheme and design to acquire ownership of the Property by filing of record in the Court of Common Pleas of Montgomery County, Pennsylvania, a Declaration of Taking, thereby condemning the Property as of that date. A true and correct copy of the Declaration of Taking is attached hereto as Exhibit B and made a part hereof.

15. In the Declaration of Taking, the Township alleged it condemned the Property for the recreational use and benefit of the public. However, in the Declaration of Taking, the Township failed to state how annexing the Property to its existing real estate would benefit the public, what recreational purposes the Property would be used for, what improvements would be performed on the Property, or when the improvements or the recreational use would commence on the Property.

16. In truth, however, the filing of the Declaration of Taking was a pretext for the Township's actual improper and unlawful racial motivations for filing the Declaration of Taking for the Property. The true purpose of filing of the Declaration of Taking was to exclude a legitimate and successful Black-owned business from the predominantly White Township.

17. There was no rational need for the Township to take the Property for recreational purposes. There is a large amount of real estate owned by the Township adjacent to the Property that is presently wooded and not being used by the Township for recreational purposes that could be used for such purposes. The Property is a heavy industrial, non-conforming, pre-existing use where construction contractors, all White-owned businesses, operated from the early 1950s until January 2023. The White-owned businesses operated on the Property with the storage of large trucks and a large garage facility for the repair of large industrial equipment, which were out of view to the public. The Pennsylvania Turnpike was constructed adjacent to the Property in the 1950s.

18. In January 2023, Billy Boy began storing its vehicles on the Property and operating its business from the Property. The Property is due to be transferred shortly.

19. The Township is predominantly White, particularly in the area where the Property is located. The individual defendants and other Township employees, including the Township Building Inspector, were aware that the operator of a MBE had entered into an Agreement of Sale for the Property and had begun operating its business on the Property beginning in January 2023.

20. The parcels of real estate owned by the Township adjacent to the Property are separated by a creek and wooded area. The Township-owned properties have existed for several decades, during which time a White-owned construction company was operated on the Property

4

and no declaration of taking had been filed. There is no practical difference between the operation of the White-owned construction businesses on the Property for the last sixty (60) years and the operation of Billy Boy's business. The only difference is the race of Billy Boy's employees and owner, facts which make clear that defendants' filing of the Declaration of Taking was motivated by race and racial animus.

21. On March 21, 2024, the Township's all-White Board of Supervisors met held an executive session with is White Solicitor during which they decided to file the Declaration of Taking for the Property. This decision was motivated by race discrimination and racial animus.

22. There was no discussion of the proposed taking of the Property during the public session of the Board of Supervisors meeting on March 21, 2024, only a unanimous vote by the Board of Supervisors to take the Property, and thereby force Billy Boy, a MBE, out of its present location.

23. There was so notice given to Mr. Damiani, Billy Boy, the equitable owner, of the public, that the Board of Supervisors would be considering a resolution to effectuate the Declaration of Taking of the Property at the March 21, 2024 Board of Supervisors meeting. The public portion of the meeting was limited to the vote of the Board of Supervisors, with no public comment or meaningful discussion made in public, and lasted for less than sixty (60) seconds.

24. The actions and omissions of defendants in relation to the March 21, 2024 Board of Supervisors meeting and the filing of the Declaration of Taking violated 65 Pa.C.S. § 704, the Pennsylvania Sunshine Act, and Billy Boy's rights as the equitable owner under the Pennsylvania and United States Constitutions.

25. On April 25, 2024, Billy Boy and Mr. Hendrick filed a Petition to Intervene in the Montgomery County Condemnation Proceedings.

26. On April 29, 2024, Mr. Damiani filed Preliminary Objections to the Declaration of Taking in the Montgomery County Condemnation Proceedings.

27. On June 26, 2024, the Montgomery County Court of Common Pleas granted Billy Boy and Mr. Hendrick's Petition to Intervene in the Montgomery County Condemnation Proceedings.

28. On September 11, 2024, Honorable Steven C. Tolliver of the Montgomery County Court of Common Pleas held a hearing in the Montgomery County Condemnation Proceedings on Mr. Damiani's Preliminary Objections to the Declaration of Taking. To date, Judge Tolliver has not ruled on Mr. Damiani's Preliminary Objections.

29. As a direct and proximate result of defendants' actions described above, Billy Boy and Mr. Hendrick lost revenues and incurred unnecessary costs and delays.

30. The actions of the defendants described above were the decisions of Township lawmakers.

31. The individual defendants were policymaking officials with respect to the actions described above.

32. The defendants' actions and practices were so persistent and widespread that they had the force of law.

33. The individual defendants had policymaking authority with respect to the actions described above, rendering their behavior acts of official government policy.

### *Count I – Equal Protection Clause violation*

34. Plaintiffs incorporate herein by reference as if set forth in full the allegations of paragraphs 1-33, inclusive, of this Complaint.

6

35. Defendants deprived the Plaintiffs of privileges and opportunities provided White-owned businesses and White residents in the Township.

36. Defendants' actions harmed the ability of the Plaintiffs to use licenses, certifications, approvals and other permissions that properly had been issued to them or that they had obtained.

37. Defendants singled out the Plaintiffs for harassment.

38. Defendants treated the Plaintiffs differently from other similarly situated residents and businesses in the Township; Defendants' treatment was intentional; and there was no rational basis for the difference in treatment.

39. Defendants' actions violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### *Count II – Due Process Clause violation*

40. Plaintiffs incorporate herein by reference as if set forth in full the allegations of paragraphs 1-39, inclusive, of this Complaint.

41. Defendants' arbitrary and capricious actions deprived the Plaintiffs of their protected property interests.

42. Defendants' arbitrary and capricious actions impinged upon the Plaintiffs' use and intended use of the Property.

43. Defendants' actions were motivated by race discrimination and racial bias, and other conscience-shocking behavior, to wit:

    a. Defendants treated the Plaintiffs differently and worse as compared to White residents and White-owned businesses in the Township;

7

    b.  Defendants' actions were intentionally injurious to the Plaintiffs and knowingly committed without justification; and

    c.  One of defendants' purposes was to negatively impact the Plaintiffs' ability to obtain the highest economic use of the Property.

  44.  The totality of the circumstances and actions described above shock the conscience.

  45.  Defendants' actions violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### *Count III – Abuse of Process*

  46.  Plaintiffs incorporate herein by reference as if set forth in full the allegations of paragraphs 1-45, inclusive, of this Complaint.

  47.  Because defendants had no legitimate or actual public purpose in taking the Property through the Township's exercise of the power of eminent domain, defendant used the Pennsylvania Eminent Domain Code for an illegitimate, illegal, and improper purpose – to prevent the Plaintiffs from obtaining ownership of the Property and from obtaining the highest economic use of the Property solely because of Plaintiffs' race.

  48.  Defendants' abuse of process resulted in the Plaintiffs incurring the damages described herein.

### *Count IV – Tortious Interference With Contractual Relations*

  49.  Plaintiffs incorporate herein by reference as if set forth in full the allegations of paragraphs 1-48, inclusive, of this Complaint.

  50.  Without any factual or legal justification, defendants intentionally interfered with the Plaintiffs' existing contractual relations with Mr. Damiani.

51. As a direct and proximate result of defendants' tortious interference with the Plaintiffs' existing contractual relations with Mr. Damiani, they incurred the damages described herein.

### *Jury Demand*

52. Plaintiffs demand a trial by jury.

### *Prayer for Relief*

WHEREFORE, Plaintiffs, Billy Boy Real Estate, LLC, Billy Boy Construction, LLC, and Eddie Hendrick, hereby demand judgment in their favor and against the Defendants, jointly and severally, as follows:

a. adjudging and declaring that the actions of the Defendants complained of herein violated their civil rights protected by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution and violated the common law;

b. awarding them compensatory and punitive damages for the violation of their civil rights and Defendants' violation of the common law in amounts to be determined at trial;

c. enjoining Defendants from taking any action against them that would violate their civil rights or the common law;

d. awarding them attorney's fees, expert witness fees, costs and disbursements pursuant to 28 U.S.C. §1988; and

e.      awarding them such other and further relief as the Court deems proper.

*signature*

Robert T Vance Jr
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19109
267 887 0172 tel / 215 501 5380 fax
rvance@vancelf.com

*Attorney for the Plaintiffs*

10